IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MONICA KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-635-RAH-KFP |
| | ) | |
| JIM CLANTON, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Monica Knight was previously granted leave to proceed in forma pauperis, which obligates the Court to undertake review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Upon review, the undersigned RECOMMENDS that this case be dismissed, as set forth below.

## I.   LEGAL STANDARD

Under 28 U.S.C. § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The leniency afforded

pro se litigants does not allow the Court to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Pro se pleadings still must comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010)[1] (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## II.    PLAINTIFF'S COMPLAINT

Plaintiff filed this Complaint on August 13, 2025. Doc. 1. She used the form for pro se plaintiffs to file actions for an EEOC complaint, and she alleges in her Complaint that her employment was wrongfully terminated on July 12, 2024. Doc. 1 at 2.[2] Plaintiff's Complaint asserts that she was discriminated against in violation of Title VII of the Civil Rights Act of 1964 on the basis of race when she was terminated from her employment. She seeks recovery of backpay.

## III.    DISCUSSION

To bring suit under Title VII, a plaintiff must exhaust administrative remedies. *See, e.g., Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001); 42 U.S.C. § 12117(a) (incorporating the enforcement provisions of 42 U.S.C. § 2000e-5). In a non-deferral state like Alabama, a plaintiff must file an EEOC charge within 180 days of the discriminatory act. *Freeman v. Koch Foods of Ala.*, 777 F. Supp. 2d 1264, 1275 (M.D. Ala. 2011) (citing U.S.C. § 2000e–5(e)(1)). "As an administrative prerequisite to filing suit

---

[1] Here, and elsewhere in this Order, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.
[2] Additionally, Plaintiff alleges that February 21, 2024, was the date on which she was discriminated against. Doc. 1 at 2.

under Title VII, an employee must file a timely charge of discrimination with the EEOC." *Id.* (citations omitted). In cases alleging unlawful termination, "the 180-day period is counted from the date the employee receives *notice* of termination." *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003) (internal citations omitted). "Only unlawful employment practices complained of in a timely filed charge of discrimination to the EEOC can form the basis for liability." *Stewart v. Jones Util. & Contr. Co.*, 806 F. App'x 738, 740 (11th Cir. 2020) (per curiam).

Additionally, a plaintiff may not file suit until the EEOC has completed its administrative review and issued a Dismissal and Notice of Right to Sue letter (or taken other steps to pursue action for the charging party). *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569–70 (11th Cir. 1996) ("[T]e receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification."). Next, the "plaintiff must bring suit within 90 days of receiving a right-to-sue letter from the EEOC." *Bryant v. United States Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Gant v. Jefferson Energy Coop.*, 348 F. App'x 433, 434–35 (11th Cir. 2009) (affirming dismissal of complaint that was not filed within the 90-day limit). "In some instances, the 90-day deadline to file suit may be equitably tolled." *Smith v. Zaxby's Franchising, LLC*, 2021 U.S. Dist. LEXIS 159366, at *4 (M.D. Ga. Aug. 24, 2021). "A party seeking equitable tolling must prove that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from timely filing." *Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 338 (11th Cir. 2018) (per curiam).

"Extraordinary circumstances" in this context include "fraud, misinformation, or deliberate concealment." *Brown v. John Deere Prod.*, 460 F. App'x 908, 910 (11th Cir. 2012) (per curiam) (internal citations omitted).

From the face of Plaintiff's Complaint, Plaintiff failed to bring suit within 90 days after the EEOC issued her right to sue. Plaintiff's right-to-sue letter was issued on April 17, 2025. Doc. 1-1 at 1.  Because Plaintiff does not state in her Complaint when the letter was received, "the Court presumes she received it 3 days after it was sent." *Zaxby's Franchising, LLC*, 2021 U.S. Dist. LEXIS 159366, at *3–4 (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005) ("When the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail, akin to the time period set out in Fed. R. Civ. P. 6(e)."[3])). Plaintiff's Complaint was filed 118 days after the right-to-sue letter was issued. Plaintiff's attached summons is dated July 21, 2025, suggesting that Plaintiff had notice from the EEOC that she could sue more than three weeks prior to when she actually filed her claim. *See* Doc. 1-2. In addition, Plaintiff raises no argument concerning whether equitable tolling applies to her claim on August 13, 2025.

Viewed under the limitations period applicable to a federal lawsuit of this nature, this action is untimely because Plaintiff did not file suit within 90 days after receiving the right-to-sue letter; for that reason, it must be dismissed. While a pro se litigant must generally be given an opportunity to amend a complaint, a district court need not allow an

---

[3] Federal Rule of Civil Procedure 6(e) is no longer in effect. However, the portion of subsection (e) pertaining to this three-day rule has been modified and is now contained in Rule 6(d) ("When a party may or must act within a specified time after being served and service is made . . . 3 days are added after the period would otherwise expire[.]"). *See* Fed. R. Civ. P. 6(d).

amendment where amendment would be futile. *Lee v. Alachua Cnty., Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). An amendment is futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* (citing *Cockrell*, 510 F.3d at 1310). The Court finds that any amendment of the Complaint would be futile.

## IV.    CONCLUSION

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED before service of process under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

Further, it is ORDERED that on or before **October 30, 2025**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R.

3-1.

      DONE this 16th day of October, 2025.

                            _____

                            KELLY FITZGERALD PATE
                            UNITED STATES MAGISTRATE JUDGE